**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1681**

GENESIS OFFICE SYSTEMS, INC.,

                   Plaintiff - Appellant,

          v.

PNC BANK, N.A.,

                   Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.    Peter J. Messitte, Senior District Judge.  (8:14-cv-02704-PJM)

Submitted:  December 22, 2015          Decided:  February 26, 2016

Before DIAZ and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Rickey Nelson Jones, LAW OFFICES OF REVEREND RICKEY NELSON JONES, Baltimore, Maryland, for Appellant.  Michael S. Barranco, TREANOR POPE & HUGHES, P.A., Towson, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2014, Ronald Hawkins, the Chief Executive Officer of Genesis Office Systems, Inc. ("Genesis"), sought to redeem two Certificates of Deposit ("CDs"), which were opened in 1997 and 2001. The officials of PNC Bank, N.A. ("PNC") informed him that the CDs had been redeemed in 2002. Genesis thereafter filed an action against PNC claiming conversion of the funds. The district court granted summary judgment in favor of PNC, determining that Genesis's claim was filed beyond the limitation period and that the undisputed evidence showed that the CDs had been redeemed. We affirm.

We review the district court's order granting summary judgment de novo, viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmoving party. Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 276 (4th Cir. 2015) (en banc). Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party sufficiently supports its motion for summary judgment, the nonmoving party must demonstrate "that there are genuine issues of material fact." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of

2

[the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

PNC provided unrefuted documentary evidence showing the dates the CDs were opened, the renewal dates, and the dates of redemption in 2002. The court noted that 12 years passed between 2002, when the CDs were redeemed, and 2014, when Hawkins attempted to redeem the CDs. In those 12 years, Genesis and Hawkins received no interest statements, tax statements, renewal notices, or other communications from the bank with respect to the CDs.

Addressing whether there existed any genuine issue of fact, the district court stated that the evidence showed that Genesis transferred the CDs to Hawkins to pay its debt to Hawkins. Thus, Genesis no longer had a claim to the money in the CDs. To the extent that Hawkins had a claim to the CDs, the court ruled that, by waiting 12 years to assert a claim, Hawkins lost any claim he may have had. See Md. Code Ann., Cts. & Jud. Proc. § 5-101 (2013) (providing for three-year limitation period for contract and debt claims).

Genesis argued that the CDs had automatic renewal provisions and therefore continued indefinitely without any action required on the part of the holder of the CDs, and therefore the statute of limitations did not start to run.

3

However, in light of the evidence that the CDs had been redeemed — and the absence of any acknowledgment of the CDs after 2002 — the automatic renewal provision does not refute the evidence that the CDs had been redeemed.

We conclude that the district court did not err in determining that there were no genuine issues of material fact. Notably, PNC presented documentary evidence of the two CDs issued to Genesis and the transactions related to the CDs. These documents showed the dates the CDs were issued, renewal dates, and the final entry on both was "TD Redemption" and an amount showing the value of the CD on March 29, 2002, and September 9, 2002, the dates of redemption. Genesis presented no evidence in support of its claim that the CDs had not been redeemed, other than the fact that Hawkins was in possession of what he claimed were the original CD certificates. Concerning Hawkins' affidavit, he purported to explain why the CDs no longer appeared on the tax returns and the corporate books of Genesis by stating that he, as CEO, decided to transfer the CDs to his personal possession in satisfaction of Genesis' debt to him. However, no official transfer of the CDs was made.

Moreover, during his deposition testimony, Hawkins testified that he did not know and could not explain why the CDs no longer appeared on the corporation's tax statements. We conclude that the statements in Hawkins' self-serving,

4

uncorroborated affidavit — which are contrary to his prior sworn testimony — are insufficient to create a material issue of fact. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999) ("[A] party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity."); see In re Family Dollar FLSA Litig., 637 F.3d 508, 512 (4th Cir. 2011) (same).

In the face of PNC's evidence that the CDs had been redeemed in 2002, Genesis failed to present any evidence to show the existence of any genuine issues of material fact. See Emmett, 532 F.3d at 297. Accordingly, summary judgment was properly entered in favor of PNC. We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED